Filed 3/16/16  P. v. Larson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JON WARREN LARSON,<br><br>    Defendant and Appellant. | E062992<br><br>(Super.Ct.No. RIF141446)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Michele D. Levine, Judge.  Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and A. Natasha Cortina, Annie Featherman Fraser and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

1

On February 6, 2013, defendant and appellant Jon Warren Larson, an inmate serving an indeterminate term of 25 years to life under the "Three Strikes" law, petitioned to have his sentence recalled pursuant to Penal Code[1] section 1170.126, known as the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012), herein the Reform Act). On January 29, 2015, the trial court denied defendant's petition. On appeal, defendant contends the court erred in determining he was ineligible for resentencing. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 7, 2007, defendant beat his girlfriend and was convicted of willfully and unlawfully inflicting a corporal injury upon a cohabitant resulting in a traumatic condition.[2] (§ 273.5, subd. (a).) In a bifurcated proceeding, the trial court found true the allegations that defendant suffered four prior prison convictions within the meaning of section 667.5, subdivision (b), and two prior strikes within the meaning of section 667, subdivisions (c) and (e)(2)(A), and section 1170.12, subdivision (c)(2)(A). Defendant was sentenced to an indeterminate term of 27 years to life.

On February 6, 2013, defendant petitioned the trial court for a recall of his sentence pursuant to section 1170.126. A recall sentence conference was set for

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.]

[2] On June 25, 2015, we took judicial notice of the record in defendant's direct appeal involving the underlying conviction in this case. (*People v. Larson* (Apr. 26, 2011, E050114) [nonpub. opn.].) (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

March 14; however, it was continued pending receipt of subpoenaed documents. On May 31, 2013, the People informed the court that they were contesting the petition, and a hearing was held on January 29, 2015. The People argued that defendant was not eligible for resentencing because (1) he intended to cause his victim great bodily injury during the commission of the commitment offense, and (2) he posed an unreasonable risk of danger to public safety. In reply, defendant argued that he was eligible for resentencing because "neither the elements of his offense nor any admissible evidence support the contention that he specifically 'intended' to cause great bodily injury to another person." Defendant declined to address the issue of whether he posed an unreasonable risk of danger to public safety until the court ruled on his eligibility.

On January 29, 2015, following review of the written arguments presented by both parties, and the transcripts of defendant's underlying trial on the domestic violence charges, along with consideration of oral argument, the trial court denied defendant's petition. The court found that defendant was statutorily ineligible because the evidence presented to the jury concerning his offense proved that he intended to cause great bodily injury to the victim.

## II. DISCUSSION

On appeal, defendant argues the trial court erred in finding that intent to cause great bodily injury need not be pled and proved because section 1170.126, subdivision (e)(2) incorporates the "pleads and proves" requirement of section 667, subdivision

3

(e)(2)(C). He adds that such finding violated his rights afforded by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. We disagree.

Section 1170.126 "provides a means whereby prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction." (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1286 (*Kaulick*).) "First, the court must determine whether the prisoner is eligible for resentencing; second, the court must determine whether resentencing would pose an unreasonable risk of danger to public safety; and third, if the prisoner is eligible and resentencing would *not* pose an unreasonable risk of danger . . . the court must actually resentence the prisoner." (*Id*. at p. 1299, fn. omitted.) An inmate is eligible for resentencing if, among other things, "[t]he inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 . . . ." (§ 1170.126, subd. (e)(2).)

Eligibility under clauses (i) and (ii) of section 667, subdivision (e)(2)(C), always will have been conclusively established in the original conviction proceeding—the petitioner either was or was not convicted of a specified offense and/or enhancement. The same is not true regarding a petitioner's eligibility under clause (iii), which turns on whether he intended to cause great bodily injury to another person during the commission of the current offense.

**A. The Specific Intent to Cause Great Bodily Injury Need Not Be Pled and Proven.**

Defendant acknowledges that his argument that section 1170.126, subdivision (e)(2) incorporates the "pleads and proves" requirement of section 667, subdivision (e)(2)(C), was rejected in *People v. White* (2014) 223 Cal.App.4th 512 (*White*), and a number of other cases. (See also, *People v. Chubbuck* (2014) 231 Cal.App.4th 737, 745-747 [the trial court may deny resentencing relief under section 1170.126, subd. (e)(2), if it finds the defendant intended to cause great bodily injury during the commission of the original offense].) The *White* court explained that section 1170.126 explicitly incorporates clauses (i)-(iii) of Section 667, subd. (e)(2)(C), but does not incorporate the "pleads and proves" wording that precedes those clauses. (*White*, *supra*, at pp. 526-527.) It added: "[T]he pleading and proof requirement plainly is a part of only the *prospective* part of the Reform Act, which governs the *sentencing* of a *defendant* with 'two or more prior serious and/or violent felony convictions' who has suffered a third felony conviction; it is *not* a part of section 1170.126, the *retrospective* part of the Reform Act that governs a petition for *resentencing* brought by an *inmate* already serving a life sentence under the Three Strikes law." (*Id*. at p. 527.)

In *People v. Blakely* (2014) 225 Cal.App.4th 1042, the court held that "a trial court determining eligibility for resentencing under the Act is not limited to a consideration of the elements of the current offense and the evidence that was presented at the trial (or plea proceedings) at which the defendant was convicted. Rather, the court may examine relevant, reliable, admissible portions of the record of conviction to determine the

5

existence or nonexistence of disqualifying factors. [Citation.]" (*Id*. at p. 1063.) It explained: "That voters did not intend disqualification under [the Reform Act] to require pleading and proof of a formal offense or enhancement is readily apparent from their inclusion, as a disqualifying factor, of an inmate's intent, during commission of the current offense, to cause great bodily injury to another person. We are aware of no provision criminalizing, or permitting imposition of an additional sentence for, the mere intent to cause great bodily injury to another person." (*Id*. at p. 1059.) It also reasoned that this construction was necessary "in order to effectuate the electorate's intent to leave subject to indeterminate life sentences those inmates perceived as posing a risk to public safety . . . ." (*Id*. at p. 1059.)

For the above reasons, we conclude that, because defendant sought resentencing under the retrospective portion of the Reform Act, the People were not required to plead and prove the factor that made defendant ineligible for resentencing.

## B. The Specific Intent to Cause Great Bodily Injury Need Not Be Decided By a Jury.

Defendant argues that *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*), and its progeny hold that the Sixth Amendment of the United States Constitution requires the issue of defendant's intent to be decided by a jury. Not so.

The United States Supreme Court has clarified that its opinions regarding a defendant's Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt do not apply to limits on downward sentence modifications. (*Dillon v.*

6

*United States* (2010) 560 U.S. 817, 828 ["Taking the original sentence as given, any facts found by a judge at a [modification] proceeding do not serve to increase the prescribed range of punishment . . . ."].) California appellate courts have applied this principle to petitions for resentencing under the Reform Act and specifically to determinations of eligibility for resentencing: "*Apprendi* and its progeny do not apply to a determination of eligibility for resentencing under the [Reform] Act." (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1039 (*Osuna*); *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1336 ["the trial court's determination of facts that affect whether the defendant will be resentenced does not implicate the right to a jury trial as described in the *Apprendi* cases"]; *Kaulick*, *supra*, 215 Cal.App.4th at p. 1304, ["Any facts found at [a section 1170.126] proceeding, such as dangerousness, do not implicate Sixth Amendment issues."].)

Section 1170.126 does not increase the penalty for a crime. Subdivision (h) of that statute expressly provides that "[u]nder no circumstances may resentencing under this act result in the imposition of a term longer than the original sentence." The trial court's determination here that defendant intended to cause great bodily injury on the victim did not increase his original punishment, but instead "disqualified [him] from an act of lenity on the part of the electorate to which [he] was not constitutionally entitled." (*Osuna*, *supra*, 225 Cal.App.4th at p. 1040.) Thus, he did not have a right to a jury trial at the resentencing hearing.

## C. The Evidence Supports the Trial Court's Finding of Ineligibility

Finally, defendant contends the evidence is insufficient to establish that he had the specific intent to commit great bodily injury necessary to disqualify him from resentencing.

"Because a determination of eligibility under section 1170.126 does not implicate the Sixth Amendment, a trial court need only find the existence of a disqualifying factor by a preponderance of the evidence. [Citations]." (*Osuna*, *supra*, 225 Cal.App.4th at p. 1040.) "[W]e review the factual basis of the trial court's finding [that defendant harbored an intent to cause great bodily injury] under the familiar sufficiency of the evidence standard." (*People v. Guilford* (2014) 228 Cal.App.4th 651, 661.) Under this standard, "'[w]e review the whole record in a light most favorable to the [order] to determine whether it contains substantial evidence, i.e., evidence that is credible and of solid value, from which a rational trier of fact could find beyond a reasonable doubt that the accused committed the offense.' [Citations.]" (*Ibid.*)

Here, the victim asked defendant if he wanted to share their last cigarette. Defendant said, "No," and grabbed the victim, knocking her to the floor. Defendant got on top of the victim, punched her with a closed fist, choked her, and proceeded to bite her all over her body, resulting in her loss of consciousness. As a result of the attack, the victim suffered injuries to her face and body. She spit blood from the bite on her tongue, and her nose "was sideways." She was sufficiently in fear of defendant that she ran from the room naked in order to escape him. Trying to choke the victim, coupled with the

8

punching and biting, of severity sufficient to cause bleeding and unconsciousness, supports an inference that defendant intended to cause great bodily injury during the commission of his current offense.  Thus, substantial evidence supports the trial court's finding that defendant was ineligible for resentencing.

III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


HOLLENHORST
Acting P. J.

We concur:

MCKINSTER
J.

MILLER
J.


9